IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01065-BNB

PAUL CHAYNE WILLIAMS,

    Applicant,

v.

MARK A. BROADDUS, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -8 2008

GREGORY C. LANGHAM
                CLERK

## ORDER DENYING MOTION FOR RECUSAL

On August 18, 2008, Plaintiff, Paul Chayne Williams, filed a Motion for Change of Magistrate Judge with the Court. In the Motion, Plaintiff seeks to disqualify me from the instant action. He states that I have created an "appearance of bias" against him. (Mot. at 1.) Plaintiff's Motion is construed as a Motion for Recusal filed pursuant to 28 U.S.C. § 455(a). The Motion will be denied because Applicant fails to assert an appropriate legal basis for his request that I recuse myself from the instant action.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C. § 455(a). Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing

duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). The decision to recuse is committed to the sound discretion of the district court. *See United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 847 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If, however, whether § 455(a) requires disqualification is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993; *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993. Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *See Cooley*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Plaintiff's reasons for recusal are vague and conclusory and do not satisfy the objective standard for disqualification required pursuant to § 455(a). Therefore, Plaintiff's request that I recuse myself will be denied. Accordingly, it is

ORDERED that Plaintiff's Motion for Change of Magistrate Judge (Doc. No. 19), filed August 18, 2008, is construed as a Motion for Recusal field pursuant to 28 U.S.C. § 455(a) and is denied.

DATED September 8, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01065-BNB

Paul C. Williams
Prisoner No. 48147
Colorado Correctional Center
PO Box 4020
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/8/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk