IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01065-BNB

PAUL CHAYNE WILLIAMS,

Applicant,

v.

MARK A. BROADDUS, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER DENYING MOTION FOR RECUSAL

---

The matter is before the Court on Applicant Paul Chayne Williams' Motion for Change of Judge. The Court must construe the Motion liberally because Mr. Williams is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Williams asks the Court to recuse itself because the Court is biased against him. In support of his allegation of bias, Mr. Williams asserts that the Court repeatedly has ruled against him. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Mr. Williams' Motion for Change of Judge, therefore, is construed as a Motion for Recusal filed pursuant to § 144.

Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. See *Green v. Branson*, 108 F.3d

1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the party seeking recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). "[T]here is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Williams' allegation that the Court repeatedly has ruled against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. §§ 144 or 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the Motion for Recusal will be denied. Accordingly, it is

ORDERED that Applicant's Motion for Change of Judge, (Doc. No. 19), is construed as a Motion for Recusal, filed pursuant to 28 U.S.C. § 144, and is denied.

DATED at Denver, Colorado, this 18 day of Sept., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01065-BNB

Paul C. Williams
Prisoner No. 48147
Colorado Correctional Center
PO Box 4020
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/22/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk