IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01065-BNB

PAUL CHAYNE WILLIAMS,

    Applicant,

v.

MARK A. BROADDUS, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

I. Background

Applicant Paul Chayne Williams is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Correctional Center in Golden, Colorado. Mr. Williams initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the El Paso County District Court in Case No. 00CR557. In an order entered on June 3, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 23, 2008, Respondents filed a Pre-Answer, and on August 12, 2008, Mr. Williams filed a Reply to the Pre-Answer.

In his Application, Mr. Williams asserts that on May 29, 2001, a jury convicted him of theft in violation of Colo. Rev. Stat. § 18-4-401(1) and fraud in violation of Colo.

Rev. Stat. § 11-51-501(1)(b). (Application at 2.) He did not file a direct appeal, but asserts he filed a Colo. R. Crim. P. 35(c) postconviction motion on May 27, 2004. (Application at 4.) Mr. Williams further asserts that his petition for certiorari was denied on December 3, 2007, in the Rule 35(c) motion. (Application at 4.)

II. Analysis

The Court must construe liberally Mr. Williams' Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

2

> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents assert that early in 2001 Mr. Williams was found guilty of securities fraud pursuant to Colo. Rev. Stat. §§ 11-51-501 and 11-51-603 and was sentenced to a term of sixteen years in the Colorado Department of Corrections on May 29, 2001. (Pre-Answer at 1.) Respondents further assert that Mr. Williams did not perfect a direct appeal, but that he did file a motion for a new trial on June 13, 2001, which the trial court denied on August 23, 2001, and a Colo. R. Crim. P. 35(a) and (b) postconviction motion on September 12, 2001, which the trial court denied on September 17, 2001. (Pre-Answer at 2.) Respondents conclude that Mr. Williams' Application is untimely under § 2244(d) because the time during which he did not have a postconviction motion or other collateral review pending in state court from the date his conviction was final, July 13, 2001, until May 23, 2008, is a total of 1,111 days.

In his Reply, Mr. Williams asserts that his Application is timely because on April 26, 2004, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, and Rule 3(c) of the Rules Governing Section 2254 Cases in the United States District Courts were amended. Mr. Williams further asserts that as a result of the

3

amendments petitions filed under 28 U.S.C. § 2254 became subject to a one-year statute of limitations. Mr. Williams also contends that the one-year limitation became effective on December 1, 2004, and that the amendment should not be applied retroactively to his case.

Mr. Williams' arguments are without merit. The one-year limitation period in 28 U.S.C. § 2244(d) was enacted into law on April 24, 1996. The instant action is subject to the one-year limitation, and retroactivity is not at issue.

Based on the evidence provided by both Applicant and Respondents, the Court finds that Applicant was sentenced on May 29, 2001. (Pre-Answer, Ex. A (LexisNexis Docket) at 9 and Application at 1.) Although Mr. Williams did not file a notice of appeal, he did file a motion for a new trial on June 13, 2001, which the trial court denied on August 23, 2001. (Pre-Answer, Ex. A (LexisNexis Docket) at 10.) To the extent that Mr. Williams filed a timely motion for a new trial, his conviction became final on October 8, 2001, forty-six days after the trial court denied the motion on August 23, 2001. *See* C.A.R. 4(b) and 26 (Last day of the time period is not included if it is a Sunday.). He also filed a motion to correct his sentence on September 12, 2001, that was denied on September 17, 2001, and in which he did not file an appeal. (Pre-Answer, Ex. A (LexisNexis Docket) at 11.) He then filed a Rule 35(c) postconviction motion on June 4, 2004, in which a petition for certiorari review was denied on December 3, 2007. (Pre-Answer, Ex. A (LexisNexis Docket) at 13 and 15.) Mr. Williams submitted the instant Application to this Court on May 15, 2008.

In the absence of any reason to toll the limitations period, Applicant should have initiated this action prior to October 8, 2002. Although Mr. Williams had a

4

postconviction motion pending in state court from June 4, 2004, until December 3, 2007. The time from October 9, 2002, until June 3, 2004, and from December 4, 2007, until May 14, 2008, more than two years, is not tolled for the purposes of § 2244(d).

Mr. Williams does not allege in either the Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case, or that the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence because of his continuing mental incompetency. He does attempt, however, to assert that there was an impediment to filing an application which was created by state action.

Mr. Williams claims that the trial court's refusal to appoint counsel in his direct appeal was an impediment that never was removed before he filed his Rule 35(c) postconviction motion. Mr. Williams' impediment argument lacks merit. Mr. Williams knew of the trial court's refusal to appoint counsel at the time of his sentencing. He provides no reason why he was not able to file a postconviction motion prior to June 4, 2004, challenging the trial court's alleged denial of appointment of counsel in a direct appeal.

The Court, therefore, finds that the one-year limitation period began to run on October 9, 2001, the day after his conviction became final. Mr. Williams did not file his first postconviction motion until June 4, 2004, almost three years later. As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances

beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Williams bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Williams refers to equitable tolling in his Reply on Pages Sixteen, Eighteen, and Twenty through Twenty-Two. The arguments, however, fail to state extraordinary situations when circumstances beyond his control made it impossible for him to file the habeas corpus application on time. The claims are vague and conclusory. The Court, therefore, finds that the instant action is barred by the one-year limitation period.

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Williams has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

6

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 18 day of Sept., 2008.

BY THE COURT:

/s/ Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01065-BNB

Paul C. Williams
Prisoner No. 48147
Colorado Correctional Center
PO Box 4020
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/22/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk